Cameron C. Artigue #011376
Evan M. Russell #038302
**GAMMAGE & BURNHAM P.L.C.**
40 NORTH CENTRAL AVENUE
20TH FLOOR
PHOENIX, AZ 85004
T: (602) 256-0566
F: (602) 256-4475
cartigue@gblaw.com
erussell@gblaw.com
docket@gblaw.com
*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Gethsemani Baptist Church, an Arizona nonprofit corporation, | Case No. 2:24-cv-00534-GMS |
| Plaintiff, | |
| vs. | **FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT** |
| City of San Luis, a political subdivision of the State of Arizona, | |
| Defendant. | |

Defendant City of San Luis ("Defendant"), for its First Amended Answer to the First Amended Complaint ("Complaint") of Plaintiff Gethsemani Baptist Church ("Plaintiff"), hereby admits, denies, and affirmatively alleges as set forth below. The admissions and denials below on behalf of Defendant are made on information and belief.

## **PRELIMINARY STATEMENT**

1.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiff's Complaint, and therefore denies the same.

2.     Answering Paragraph 2 of Plaintiff's Complaint, Defendant clarifies that the City of San Luis elected a new mayor in August 2022, and she took office in November 2022. Defendant denies any remaining allegations in Paragraph 2 of Plaintiff's Complaint.

3.     Defendant denies the allegations in Paragraph 3 of Plaintiff's Complaint.

**PARTIES, JURISDICTION, AND VENUE**

4.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of Plaintiff's Complaint, and therefore denies the same.

5.     Defendant admits the allegations in Paragraph 5 of Plaintiff's Complaint.

6.     Paragraph 6 of Plaintiff's Complaint contains legal assertions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 6 of Plaintiff's Complaint.

7.     Paragraph 7 of Plaintiff's Complaint contains legal assertions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 6 of Plaintiff's Complaint.

8.     Paragraph 8 of Plaintiff's Complaint contains legal assertions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 6 of Plaintiff's Complaint.

9.     Paragraph 9 of Plaintiff's Complaint contains legal assertions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 6 of Plaintiff's Complaint.

10.     Paragraph 10 of Plaintiff's Complaint contains legal assertions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 6 of Plaintiff's Complaint.

**GENERAL ALLEGATIONS**

11.     Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 11 of Plaintiff's Complaint, and therefore denies the same.

12.　　Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of Plaintiff's Complaint, and therefore denies the same.

13.　　Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of Plaintiff's Complaint, and therefore denies the same.

14.　　Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiff's Complaint, and therefore denies the same.

15.　　Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiff's Complaint, and therefore denies the same.

16.　　Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiff's Complaint, and therefore denies the same.

17.　　Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of Plaintiff's Complaint, and therefore denies the same.

18.　　Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of Plaintiff's Complaint, and therefore denies the same.

19.　　Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of Plaintiff's Complaint, and therefore denies the same.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of Plaintiff's Complaint, and therefore denies the same.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of Plaintiff's Complaint, and therefore denies the same.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of Plaintiff's Complaint, and therefore denies the same.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of Plaintiff's Complaint, and therefore denies the same.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of Plaintiff's Complaint, and therefore denies the same.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of Plaintiff's Complaint, and therefore denies the same.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of Plaintiff's Complaint, and therefore denies the same. Defendant affirmatively alleges that, upon information and belief, Plaintiff occasionally implies to church attendees that donations are required in exchange for food from its ministry.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of Plaintiff's Complaint, and therefore denies the same.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of Plaintiff's Complaint, and therefore denies the same.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of Plaintiff's Complaint, and therefore denies the same. Defendant affirmatively alleges that, upon information and belief, Plaintiff occasionally implies to church attendees that donations are required in exchange for food from its ministry.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of Plaintiff's Complaint, and therefore denies the same. Defendant affirmatively alleges that Plaintiff's food ministry does rise to the level of a commercial enterprise.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of Plaintiff's Complaint, and therefore denies the same.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of Plaintiff's Complaint, and therefore denies the same.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of Plaintiff's Complaint, and therefore denies the same.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of Plaintiff's Complaint, and therefore denies the same.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of Plaintiff's Complaint, and therefore denies

the same.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of Plaintiff's Complaint, and therefore denies the same.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of Plaintiff's Complaint, and therefore denies the same.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of Plaintiff's Complaint, and therefore denies the same.

39.     Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40.     Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41.     Defendant denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42.     Defendant denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43.     Defendant denies the allegations in Paragraph 43 of Plaintiff's Complaint.

44.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of Plaintiff's Complaint, and therefore denies the same.

45.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of Plaintiff's Complaint, and therefore denies the same.

46.     Answering Paragraph 46 of Plaintiff's Complaint, Defendant admits that Mayor Nieves Reidel was elected in late 2022. Defendant denies any remaining allegations in Paragraph 46 of Plaintiff's Complaint.

47.     Defendant denies the allegations in Paragraph 47 of Plaintiff's Complaint.

48.     Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 48 of Plaintiff's Complaint, and therefore denies the same.

49.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of Plaintiff's Complaint, and therefore denies the same.

50.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of Plaintiff's Complaint, and therefore denies the same.

51.     Answering Paragraph 51 of Plaintiff's Complaint, Defendant admits the City Manager sent Plaintiff's Pastor a letter on or about September 11, 2023, concerning Plaintiff's violations of City Code. Defendant denies any remaining allegations in Paragraph 51 of Plaintiff's Complaint.

52.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of Plaintiff's Complaint, and therefore denies the same.

53.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of Plaintiff's Complaint, and therefore denies the same.

54.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of Plaintiff's Complaint, and therefore denies the same.

55.     Paragraph 55 of Plaintiff's Complaint is not directed to Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 55 of Plaintiff's Complaint.

56.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of Plaintiff's Complaint, and therefore denies

the same.

57.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of Plaintiff's Complaint, and therefore denies the same.

58.    Answering Paragraph 58 of Plaintiff's Complaint, Defendant admits that the Planning and Zoning Commission sent Plaintiff a Notice of Zoning Violation on or around September 29, 2023. Defendant denies any remaining allegations in Paragraph 58 of Plaintiff's Complaint.

59.    Defendant admits the allegations in Paragraph 59 of Plaintiff's Complaint.

60.    Defendant admits the allegations in Paragraph 60 of Plaintiff's Complaint.

61.    Answering Paragraph 61 of Plaintiff's Complaint, Defendant admits that Plaintiff's Pastor appeared for a City Council Meeting on or around September 27, 2023. Defendant denies any remaining allegations in Paragraph 61 of Plaintiff's Complaint.

62.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of Plaintiff's Complaint, and therefore denies the same.

63.    Answering Paragraph 63 of Plaintiff's Complaint, Defendant admits that Mayor Reidel sent Plaintiff a letter on or around October 4, 2023, reiterating Plaintiff's violations of City Code. Defendant denies any remaining allegations in Paragraph 63 of Plaintiff's Complaint.

64.    Defendant denies the allegations in Paragraph 64 of Plaintiff's Complaint.

65.    Answering Paragraph 65 of Plaintiff's Complaint, Defendant admits that it received a letter from Plaintiff on or around November 2, 2023. Defendant denies any remaining allegations in Paragraph 65 of Plaintiff's Complaint.

66.    Answering Paragraph 66 of Plaintiff's Complaint, Defendant admits that it responded to Plaintiff's November 2, 2023, letter on or around November 7, 2023.

Defendant denies any remaining allegations in Paragraph 66 of Plaintiff's Complaint.

67.    Defendant admits the allegations in Paragraph 67 of Plaintiff's Complaint.

68.    Defendant denies the allegations in Paragraph 68 of Plaintiff's Complaint.

69.    Defendant denies the allegations in Paragraph 69 of Plaintiff's Complaint.

70.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of Plaintiff's Complaint, and therefore denies the same.

71.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of Plaintiff's Complaint, and therefore denies the same.

72.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of Plaintiff's Complaint, and therefore denies the same.

73.    Answering Paragraph 73 of Plaintiff's Complaint, Defendant admits that it sent Plaintiff a letter on or around December 7, 2023, reiterating Plaintiff's violations of City Code and Arizona law. Defendant denies any remaining allegations in Paragraph 73 of Plaintiff's Complaint.

74.    Defendant admits the allegations in Paragraph 74 of Plaintiff's Complaint.

75.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of Plaintiff's Complaint, and therefore denies the same.

76.    Defendant denies the allegations in Paragraph 76 of Plaintiff's Complaint.

77.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of Plaintiff's Complaint, and therefore denies the same.

78.    Answering Paragraph 78 of Plaintiff's Complaint, Defendant admits that

City Code Enforcer Alexis Gomez Cordova issued citations to Plaintiff's Pastor on or around February 22, 2024, for Plaintiff's continued violations of City Code. Defendant denies any remaining allegations in Paragraph 78 of Plaintiff's Complaint.

79.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of Plaintiff's Complaint, and therefore denies the same.

80.    Answering Paragraph 80 of Plaintiff's Complaint, Defendant admits that City Code Enforcer Alexis Gomez Cordova issued citations to Plaintiff's Pastor on or around February 29, 2024, for Plaintiff's continued violations of City Code. Defendant denies any remaining allegations in Paragraph 80 of Plaintiff's Complaint.

81.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of Plaintiff's Complaint, and therefore denies the same.

82.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of Plaintiff's Complaint, and therefore denies the same.

83.    Defendant denies the allegations in Paragraph 83 of Plaintiff's Complaint.

84.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of Plaintiff's Complaint, and therefore denies the same.

85.    Answering Paragraph 85 of Plaintiff's Complaint, Defendant clarifies that the Plaintiff's articulation of the penalties for a third civil offense are only accurate if the third offense occurs within one year of the date of the first offense, pursuant to City Code 18.05.110(A). Defendant denies any remaining allegations in Paragraph 85 of Plaintiff's Complaint.

86.    Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 86 of Plaintiff's Complaint, and therefore denies the same.

87.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of Plaintiff's Complaint, and therefore denies the same.

88.     Defendant denies the allegations in Paragraph 88 of Plaintiff's Complaint.

89.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of Plaintiff's Complaint, and therefore denies the same.

90.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of Plaintiff's Complaint, and therefore denies the same.

91.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of Plaintiff's Complaint, and therefore denies the same.

92.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of Plaintiff's Complaint, and therefore denies the same.

93.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of Plaintiff's Complaint, and therefore denies the same.

94.     Defendant denies the allegations in Paragraph 94 of Plaintiff's Complaint.

95.     Defendant denies the allegations in Paragraph 95 of Plaintiff's Complaint.

96.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of Plaintiff's Complaint, and therefore denies the same.

97.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of Plaintiff's Complaint, and therefore denies the same.

98.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of Plaintiff's Complaint, and therefore denies the same.

99.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of Plaintiff's Complaint, and therefore denies the same.

100.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of Plaintiff's Complaint, and therefore denies the same.

101.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of Plaintiff's Complaint, and therefore denies the same.

102.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of Plaintiff's Complaint, and therefore denies the same.

103.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of Plaintiff's Complaint, and therefore denies the same.

104.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of Plaintiff's Complaint, and therefore denies the same.

105.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of Plaintiff's Complaint, and therefore denies

1   the same.

2       106.   Defendant lacks knowledge or information sufficient to form a belief as to
3   the truth of the allegations in Paragraph 106 of Plaintiff's Complaint, and therefore denies
4   the same.

5                          **FIRST CLAIM FOR RELIEF**

6       **Religious Land Use and Institutionalized Persons Act (42 U.S.C. § 2000cc)**
                              **Substantial Burden**
7

8       107.   Defendant reaffirms its responses to all previous Paragraphs of Plaintiff's
9   Complaint as though fully set out herein.

10      108.   Answering Paragraph 108 of Plaintiff's Complaint, Defendant admits that it
11  represents an accurate recitation of 42 U.S.C. § 2000cc(a)(1). Defendant denies any
12  remaining allegations in Paragraph 108 of Plaintiff's Complaint.

13      109.   Answering Paragraph 109 of Plaintiff's Complaint, Defendant admits that it
14  represents an accurate recitation of 42 U.S.C. § 2000cc(a)(2)(C). Defendant denies any
15  remaining allegations in Paragraph 109 of Plaintiff's Complaint.

16      110.   Defendant denies the allegations in Paragraph 110 of Plaintiff's Complaint.

17      111.   Defendant denies the allegations in Paragraph 111 of Plaintiff's Complaint.

18      112.   Defendant denies the allegations in Paragraph 112 of Plaintiff's Complaint.

19      113.   Defendant denies the allegations in Paragraph 113 of Plaintiff's Complaint.

20      114.   Defendant denies the allegations in Paragraph 114 of Plaintiff's Complaint.

21      115.   Answering Paragraph 115 of Plaintiff's Complaint, Defendant admits that its
22  zoning codes and ordinances are land use regulations. Defendant denies any remaining
23  allegations in Paragraph 115 of Plaintiff's Complaint.

24      116.   Defendant lacks knowledge or information sufficient to form a belief as to
25  the truth of the allegations in Paragraph 116 of Plaintiff's Complaint, and therefore denies
26  the same.

117.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of Plaintiff's Complaint, and therefore denies the same.

118.    Defendant denies the allegations in Paragraph 118 of Plaintiff's Complaint.

119.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of Plaintiff's Complaint, and therefore denies the same.

120.    Defendant denies the allegations in Paragraph 120 of Plaintiff's Complaint.

121.    Defendant denies the allegations in Paragraph 121 of Plaintiff's Complaint.

122.    Defendant denies the allegations in Paragraph 122 of Plaintiff's Complaint.

123.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 of Plaintiff's Complaint, and therefore denies the same.

124.    Defendant denies the allegations in Paragraph 124 of Plaintiff's Complaint.

125.    Defendant denies the allegations in Paragraph 125 of Plaintiff's Complaint.

126.    Defendant denies the allegations in Paragraph 126 of Plaintiff's Complaint.

127.    Defendant denies the allegations in Paragraph 127 of Plaintiff's Complaint.

128.    Defendant denies the allegations in Paragraph 128 of Plaintiff's Complaint.

129.    Paragraph 129 of Plaintiff's Complaint is not directed to Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 129 of Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF

**Religious Land Use and Institutionalized Persons Act (42 U.S.C. § 2000cc)
Equal Terms**

130.    Defendant reaffirms its responses to all previous Paragraphs of Plaintiff's Complaint as though fully set out herein.

131.    Answering Paragraph 131 of Plaintiff's Complaint, Defendant admits that it represents an accurate recitation of 42 U.S.C. § 2000cc(b)(2). Defendant denies any remaining allegations in Paragraph 131 of Plaintiff's Complaint.

132.    Answering Paragraph 132 of Plaintiff's Complaint, Defendant admits that its interests in enforcing its zoning ordinances do not grant it a license to treat Plaintiff worse than comparable institutions. Defendant denies any remaining allegations in Paragraph 132 of Plaintiff's Complaint.

133.    Paragraph 133 of Plaintiff's Complaint contains legal assertions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 133 of Plaintiff's Complaint.

134.    Defendant denies the allegations in Paragraph 134 of Plaintiff's Complaint.

135.    Defendant denies the allegations in Paragraph 135 of Plaintiff's Complaint.

136.    Defendant denies the allegations in Paragraph 136 of Plaintiff's Complaint.

137.    Paragraph 137 of Plaintiff's Complaint is not directed to Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 137 of Plaintiff's Complaint.

## THIRD CLAIM FOR RELIEF

**Free Exercise of Religion, U.S. Const. amend. I and XIV
42 U.S.C. § 1983**

138.    Defendant reaffirms its responses to all previous Paragraphs of Plaintiff's Complaint as though fully set out herein.

139.    Paragraph 139 of Plaintiff's Complaint contains legal assertions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 139 of Plaintiff's Complaint.

140.    Paragraph 140 of Plaintiff's Complaint contains legal assertions to which no response is required. To the extent a response is required, Defendant denies the allegations

in Paragraph 140 of Plaintiff's Complaint.

141.    Paragraph 141 of Plaintiff's Complaint contains legal assertions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 141 of Plaintiff's Complaint.

142.    Paragraph 142 of Plaintiff's Complaint contains legal assertions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 142 of Plaintiff's Complaint.

143.    Paragraph 143 of Plaintiff's Complaint contains legal assertions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 143 of Plaintiff's Complaint.

144.    Paragraph 144 of Plaintiff's Complaint contains legal assertions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 144 of Plaintiff's Complaint.

145.    Defendant denies the allegations in Paragraph 145 of Plaintiff's Complaint.

146.    Defendant denies the allegations in Paragraph 146 of Plaintiff's Complaint.

147.    Answering Paragraph 147 of Plaintiff's Complaint, Defendant admits that its City Code represents laws of general applicability. Defendant denies any remaining allegations in Paragraph 147 of Plaintiff's Complaint.

148.    Defendant denies the allegations in Paragraph 148 of Plaintiff's Complaint.

149.    Defendant denies the allegations in Paragraph 149 of Plaintiff's Complaint.

150.    Defendant denies the allegations in Paragraph 150 of Plaintiff's Complaint.

151.    Defendant denies the allegations in Paragraph 151 of Plaintiff's Complaint.

152.    Defendant denies the allegations in Paragraph 152 of Plaintiff's Complaint.

153.    Defendant denies the allegations in Paragraph 153 of Plaintiff's Complaint.

154.    Answering Paragraph 154 of Plaintiff's Complaint, Defendant admits that the City Manager and City Code Enforcer have sent notices, cease-and-desist letters, and

issued citations to prevent Plaintiff's unlawful actions. Defendant denies any remaining allegations in Paragraph 154 of Plaintiff's Complaint.

155. Defendant denies the allegations in Paragraph 155 of Plaintiff's Complaint.

156. Defendant denies the allegations in Paragraph 156 of Plaintiff's Complaint.

157. Defendant denies the allegations in Paragraph 157 of Plaintiff's Complaint.

158. Paragraph 158 of Plaintiff's Complaint is not directed to Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 158 of Plaintiff's Complaint.

## FOURTH CLAIM FOR RELIEF

**Substantial Burden under Arizona Free Exercise of Religion Act**
**(A.R.S. 41-1493 *et seq.*)**

159. Defendant reaffirms its responses to all previous Paragraphs of Plaintiff's Complaint as though fully set out herein.

160. Answering Paragraph 160 of Plaintiff's Complaint, Defendant admits that it represents an accurate recitation of A.R.S. § 41-1493.01(A). Defendant denies any remaining allegations in Paragraph 160 of Plaintiff's Complaint.

161. Paragraph 161 of Plaintiff's Complaint contains legal assertions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 161 of Plaintiff's Complaint.

162. Paragraph 162 of Plaintiff's Complaint contains legal assertions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 162 of Plaintiff's Complaint.

163. Answering Paragraph 163 of Plaintiff's Complaint, Defendant admits that it represents an accurate recitation of A.R.S. § 41-1493.03. Defendant denies any remaining allegations in Paragraph 163 of Plaintiff's Complaint.

164. Defendant denies the allegations in Paragraph 164 of Plaintiff's Complaint.

165.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 of Plaintiff's Complaint, and therefore denies the same.

166.    Defendant denies the allegations in Paragraph 166 of Plaintiff's Complaint.

167.    Defendant denies the allegations in Paragraph 167 of Plaintiff's Complaint.

168.    Paragraph 168 of Plaintiff's Complaint is not directed to Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 168 of Plaintiff's Complaint.

## FIFTH CLAIM FOR RELIEF

### Unequal Treatment under Arizona Free Exercise of Religion Act
### (A.R.S. 41-1493 *et seq.*)

169.    Defendant reaffirms its responses to all previous Paragraphs of Plaintiff's Complaint as though fully set out herein.

170.    Answering Paragraph 170 of Plaintiff's Complaint, Defendant admits that it represents an accurate recitation of A.R.S. § 41-1493.03(B). Defendant denies any remaining allegations in Paragraph 170 of Plaintiff's Complaint.

171.    Defendant denies the allegations in Paragraph 171 of Plaintiff's Complaint.

172.    Defendant denies the allegations in Paragraph 172 of Plaintiff's Complaint.

173.    Defendant denies the allegations in Paragraph 173 of Plaintiff's Complaint.

174.    Paragraph 174 of Plaintiff's Complaint is not directed to Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 174 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1.    Defendant denies any and all allegations of Plaintiff's Complaint not specifically admitted in this Answer.

2.    The claims for relief set forth in the Complaint are, or may be, barred by

various affirmative defenses including, but not limited to, estoppel, failure to monitor assets, unclean hands, mistake, waiver, failure to state a claim, and others listed in Rules 8(c) and 12(b).

3.    The claims for relief are time barred by the statute of limitations.

4.    The claims for relief are barred by the doctrine of laches.

5.    The damages and claims, for which Plaintiff seeks to recover, if any, were caused by the acts, errors, or omissions of Plaintiff or its agent(s) and/or third parties and/or contributed to and/or caused by the acts, errors, omissions, or negligence of Plaintiff and/or third parties, for whose conduct Defendant is not responsible.

6.    Plaintiff acted in bad faith.

7.    Plaintiff failed to meet its burden of proof.

8.    Plaintiff is barred from recovering monetary damages from Defendant or any other relief against Defendant due to Plaintiff's failure to mitigate or reasonably attempt to mitigate its damages as required by law.

9.    Defendant preserves all defenses raised in its Motion to Dismiss Plaintiff's Amended Complaint [ECF 35] and its Reply in Support of Motion to Dismiss and Response to Statement of Interest [ECF 44], including the absence of a ripe claim.

10.    Defendant reserves the right to amend its Answer to plead such matters and additional defenses as discovery shows applicable.

WHEREFORE, having fully answered, Defendant prays for the following relief with respect to Plaintiff's Complaint:

A.    An order dismissing all claims presented in the Complaint, with prejudice and with Plaintiff taking nothing thereby;

B.    An award of attorneys' fees, court costs, and expenses; and

C.    Additional relief as the Court deems appropriate.

DATED this 17th day of December 2024.

GAMMAGE & BURNHAM, P.L.C.


By: */s/ Cameron C. Artigue*
    Cameron C. Artigue
    Evan M. Russell
    40 North Central Avenue, 20th Floor
    Phoenix, AZ 85004
    *Attorneys for Defendant*

1

**CERTIFICATE OF SERVICE**

2

3
   I hereby certify that on December 17, 2024, I electronically filed the foregoing with the Clerk of the U.S. District Court using the CM/ECF system which will send notification of such filing to the CM/ECF registrants, including:

4

5
Ryan J. Regula (#028037)
Charlene A. Warner (#037169)

6
SNELL AND WILMER

7
One East Washington Street, Suite 2700
Phoenix, AZ 85004-2556

8
rregula@swlaw.com

9
cwarner@swlaw.com

10
David J. Hacker (*pro hac vice*)

11
Jeremiah G. Dys (*pro hac vice*)
FIRST LIBERTY INSTITUTE

12
2001 W. Plano Parkway, Suite 1600

13
Plano, Texas 75075
dhacker@firstliberty.org

14
jdys@firstliberty.org

15

16
Camille P. Varone (*pro hac vice*)
FIRST LIBERTY INSTITUTE

17
1331 Pennsylvania Avenue, N.W., Suite 410
Washington, D.C. 20004

18
cvarone@firstliberty.org

19

20
Steven D. Keist (#11251)
KEIST THURSTON O'BRIEN

21
10150 W. Desert River Blvd.

22
Glendale, Arizona 85037
Telephone: (623) 937-8888

23
steve@ktolawfirm.com

24
*Attorneys for Plaintiff*

25

26
*/s/ Nina Camou*
_____